[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 5, 1993 Date of Application April 6, 1993 Date Application Filed April 30, 1993 Date of Decision October 25, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-332930.
Beth Merkin, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
CT Page 11909
By way of substituted information the petitioner was charged with and entered guilty pleas to sexual assault in the 3rd degree in violation of G.S. § 53a-72(a)(B) and risk of injury to a minor in violation of G.S. § 53-21. The pleas were entered on an open-ended basis with a potential maximum penalty of 5 years on the first count and 10 years on the second for a total potential sentence of 15 years. The court imposed a sentence of 5 years on the first count and 10 years suspended after 8 on the second with 3 years probation, the sentences to run concurrent to each other.
In May of 1990, the New Haven Police Department interviewed a 5 1/2 year old victim and her mother. The victim related that her mother's boyfriend, Ralph Tolbert on one occasion made her sit on his lap while he moved "his bottom back and forth." She also stated that another time he was naked and tried to get on top of the victim. She also reported the petitioner made her kiss his penis, attempted to put his penis in her mouth, and kissed her vagina. When interviewed by the police, the petitioner expressed hostility towards the child. Since that time, he has denied the incidents occurred and entered his pleas pursuant to North Carolinav. Alford, 400 U.S. 25, 35-37 (1970). The victim was examined at Yale New Haven Hospital Child Abuse Clinic and the findings suggested sexual trauma. Both the petitioner and the victim's mother have tested positive for the Human Immunodeficiency Virus, although the victim, when last tested, did not carry the virus.
The attorney for the petitioner emphasized her client's consistent denial of the charges and suggests that the lack of remorse on his part should not be held against him. His prior criminal record is described as minimal and counsel represents that a 4 year sentence would be more appropriate, considering the petitioner's medical condition.
The attorney for the state reminds us that petitioner entered open-ended pleas and that the court considered all relevant factors in imposing sentence. What must be placed into the mix are the aggravating factors of the age of the victim and the petitioner's disease at the time of the offenses.
In speaking to the division, the petitioner declared the sentence a "death sentence." He underscored his deteriorating CT Page 11910 condition and said he only asks for hope.
The record, and, in particular, the presentence report, amply supports the conclusion that the sentencing judge took into account P.B. § 942. At one point the court said, "I can't imagine, frankly, a crime worse that this when someone [who] knows that he is infected with the HIV virus would allow himself to have any kind of sexual contact with a child. I sympathize with Mr. Tolbert's physical condition. I don't feel that anyone would fail to sympathize with him, no matter what crime he's charged with." And at another point in the sentencing, the court observed, "I think the quality of mercy is a good thing in many cases, but I think when children's interests are at stake, that quality has to be limited by concern [for] the welfare of children who really can't protect themselves in these situation[s]."
The division cannot help but observe that the petitioner's actions may result in a death sentence for the victim. Just as the sentencing judge articulated, we are moved to express our concern for the victim who, at 5 1/2 years of age, was entitled to hope, too.
It is the judgement of the division that the sentence imposed was not excessive or disproportionate considering all factors of P.B. § 942.
Sentence affirmed.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, J., Klaczak, J. and Norko, J., participated in this decision.